**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**SHELBY AIR SERVICE, INC.**                                                                                     **PLAINTIFF**

**V.**                                                                                           **NO. 4:17-CV-36-DMB-JMV**

**STEVE NEBEL d/b/a AG AIR, LLC**                                                                 **DEFENDANT**

## ORDER

This breach of contract action is before the Court on Shelby Air Service, Inc.'s motion to seal, Doc. #9; and motion for default judgment, Doc. #5.

### I
### Procedural History

On March 27, 2017, Shelby Air Service, Inc. filed a complaint in this Court against Steve Nebel seeking payment for Shelby Air's provision of a pilot and a plane to Nebel on July 15, 2016. Doc. #1. Nebel was served with a summons and a copy of the complaint on April 5, 2017. Doc. #3. On April 24, 2017, Shelby Air filed a motion for entry of default and a motion for default judgment. Doc. #4; Doc. #5. Two days later, on April 26, 2017, Nebel answered the complaint. Doc. #6. By text order the next day, United States Magistrate Judge Jane M. Virden denied Shelby Air's motion for entry of default as premature.

On June 1, 2017, the parties advised the Court that a settlement had been reached on Shelby Air's claims. On August 17, 2017, Shelby Air filed a motion to enforce a settlement agreement, Doc. #8; and a motion to file under seal the proposed settlement agreement, which was attached to the motion to enforce, Doc. #9.

### I
### Motion for Default Judgment

"Entry of default is, itself, a prerequisite to entry of a default judgment." *Welch v. Prop Transp. & Trading, LLC*, No. 4:15-cv-187, 2017 WL 2402788, at *2 (N.D. Miss. June 1, 2017).

Because Judge Virden denied Shelby's motion for entry of default, the motion for default judgment will be denied.

## II
## Motion to Seal

Rule 79 of the Uniform Local Civil Rules provides that no document may be filed under seal without a court order. L.U. Civ. R. 79(b). In this regard, Local Rule 79(d) instructs that "[n]o document may be sealed merely by stipulation of the parties." Though "[a] confidentiality order or protective order entered by the court to govern discovery will not qualify as an order to seal documents for purposes of this rule," "[a] statute mandating or permitting the non-disclosure of a class of documents provides sufficient authority to support an order sealing documents." L.U. Civ. R. 79(b), (d).

> Rule 79 also directs:
>
> Any motion to seal must be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order. A party may also submit a confidential memorandum for in camera review. The non-confidential memorandum and the proposed order must include:
>
> (A) A non-confidential description of what is to be sealed;
> (B) A specific request that the document or case:
>
> > (1) Be sealed from any access by the public and the litigants' counsel;
> > (2) Be sealed from public access only, with CM/ECF access permitted to the litigants' counsel; or
> > (3) Be sealed only from public access in CM/ECF, but available for public viewing at one or more terminals located within the Clerk's office.

L.U. Civ. R. 79(e)(3).

Shelby Air failed to file a memorandum in support of its motion to seal. However, because the document sought to be sealed has already been filed on the docket, the Court will address the request to seal on its merits.

The decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must "balance the public's common-law right of access against the

interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993). In doing so, the Court must apply a "presumption in favor of the public's common law right of access." *Id*.

Generally, where the documents sought to be sealed are exhibits to a dispositive motion, the weight afforded to the public's common law right of access is necessarily greater. *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995); *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 & n.11 (11th Cir. 2001). However, "the sealing of a confidential settlement agreement generally raises less issues than the sealing of documents that the court would have to use to make substantive rulings in a case." *CIBA Vision Corp. v. De Spirito*, No. 1:09-cv-1343, 2010 WL 11506773, at *1 (N.D. Ga. Oct. 12, 2010).

Upon consideration, the Court concludes that the parties' interest in keeping the terms of their settlement from public view outweighs the interests favoring nondisclosure. *See id*. Accordingly, the motion to seal will be granted.

### III
### Conclusion

For the reasons above, Shelby Air's motion for default judgment [5] is **DENIED** and its motion to seal [9] is **GRANTED**. The Clerk of the Court is directed to seal the settlement agreement [8-1] filed by Shelby Air.

**SO ORDERED**, this 18th day of August, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**